GRIFFITH P. GRIFFITH v. R. R. McCANDLESS.

No. 353.   (59 Pac. 729.)

1. EVIDENCE—*Expert Testimony—Incompetent Witness.* In an action brought by a regular, practicing physician to recover for his services in the treatment and cure of two cancers on the person of the defendant, the latter offered the deposition of a witness as expert testimony showing the value of the plaintiff's services, and from the deposition itself it appeared that the witness was a cancer specialist, treating nothing but cancers; that he had been so engaged for the preceding five years, but had also followed farming during four years of that time; that he was not a physician or surgeon, and had never attended any medical school or

Griffith v. McCandless.

college or read any course in medicine or surgery; that what he knew concerning the treatment of cancers he had learned from another cancer specialist, whose formulas and recipes he followed, not venturing any treatment of his own independently of such formulas and recipes.  *Held*, that the court did not err in excluding the deposition on the ground of the incompetency of the witness to testify as an expert.

2. ――――― *Depositions――Waiver of Objections.*   By appearing at the taking of the deposition of an adverse witness and not then objecting to his testimony on the ground that he is incompetent to testify, a party does not waive the right to make such objection at the trial of the case when such deposition is offered in evidence.

Error from Lyon district court; W. A. RANDOLPH, judge.   Opinion filed January 13, 1900.   Affirmed.

*Madden Bros.*, for plaintiff in error.

*Chas. B. Graves*, for defendant in error.

The opinion of the court was delivered by

MILTON, J. :  This action was brought by the defendant in error to recover the sum of $500 for professional services as a physician in the treatment of plaintiff in error for two cancers, one upon the face and one upon the hand.   The petition alleged that the cancers had been pronounced incurable by several other physicians, and that the plaintiff below, by reason·of his special knowledge and skill and long experience, was able to cure and did cure the cancers upon the person of the defendant below after treatment extending over a period of four months.   The defendant answered by a general denial.   The jury returned a verdict in favor of the plaintiff in the sum of $350, and judgment was entered accordingly.

The only error complained of is the striking out of the deposition of Joseph Huff.   The testimony for the plaintiff was that of regular, practicing physicians, who testified as experts as to the value of plaintiff's

services. Their testimony amply sustains the verdict. On behalf of the defendant expert testimony was also introduced, and the deposition of Joseph Huff was offered, but the court refused to admit the same, the objection to its admission being that the deposition itself showed the witness to be incompetent to testify as an expert. He testified that he was a cancer specialist, treating nothing but cancers ; that he had been so engaged for five years, but had also followed farm- ing during about four years of that time ; that he was not a physician or surgeon, and had never attended any medical school or college, or read any course in medicine or surgery ; that what he knew concerning the treatment of cancer he had learned from S. Huff, a cancer specialist, who lived at Savonburg, Kan.; and that he did not venture any treatment of his own independent of the formulas and recipes obtained from said S. Huff.

Counsel for plaintiff in error contends that as both parties appeared at the taking of the deposition and no objection was then made as to the qualification of the witness to give an opinion as to the value of the services rendered, such objection was waived and could not be made at the trial. The objection, being on the ground of incompetency, was made in time, within the provisions of section 364 of the code (Gen. Stat. 1897, ch. 95, § 372 ; Gen. Stat. 1899, § 4627). It is further contended that the objection itself was insuffi- cient to authorize the exclusion of the deposition. While the objection was not entirely formal, it alleged that the testimony was incompetent, and that it af- firmatively appeared therefrom that the witness was an incompetent witness. We think this equivalent to an objection that the witness had not shown him- self competent to testify in the case, and that it was

Bank v. Elliott.

sufficient.   As to the competency of the witness, little need be said.   The proper testimony concerning the value of the plaintiff's services was that of men of science, physicians of training, knowledge, and experience.   The witness testified he was not a physician, and it does not appear that his preceptor was himself a physician.   His opinion was not based upon reading or study.   Hence the cases cited by counsel for plaintiff in error are not in point here.   The deposition was properly excluded.

The judgment of the district court will be affirmed.